United States District Court

Western District of Michigan

**FILED - KZ**
July 30. 2026 8:44 AM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_ems_   Scanned by ₰ / 7/3 ı

**1:26-cv-2201**
Hala Y. Jarbou,
Chief U.S. District Judge

Plaintiff- Courtney Thomas

    415 Park Place

    Kalamazoo, MI 49001

V

Defendant – Lees Famous Recipe Chicken

    4441 S. Westnegde Ave

    Kalamazoo, Mi 49008

- Deb Middlerbrock (manager)
  4441 S. Westnedge Ave
  Kalamazoo, MI 49008

- Rob Boldwin
  4441 S. Westnedge Ave
  Kalamazoo, MI 49008

## Complaint

This complaint details violation of the Title Vll of the Civil Rights Act of 1964, that protects employees and job applicants from religious discrimination. This complaint details the unnecessary hardship bestowed on Plaintiff, at Lee's Famous Recipe Chicken restaurant, where Plaintiff worked.

This complaint details the violation of Elliott – Larsen Civil Rights when Defendants did harass Plaintiff based on his race, religion age and sex.

The Elliott – Larsen Civil Rights is  to prohibit discriminatory practices, policies, and customs in the exercise of those rights based upon religion, race, color, national origin, age, sex, sexual orientation, gender identity or expression, height, weight, familial status, or marital status; to preserve the confidentiality of records regarding arrest, detention, or other disposition in which a conviction does not result; to prescribe the powers and duties of the civil rights commission and the department of civil rights; to provide remedies and penalties; to provide for fees; and to repeal certain acts and parts of acts.

Title VII civil rights 1964

(j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

(k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title [section 703(h)] shall be interpreted to permit otherwise. This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: Provided, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion.

(f) The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding

sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.

Employment policies and practices may be discriminatory under Title VII based on disparate treatment or disparate impact. Disparate treatment involves intentional discrimination by an employer.  Similarly, employees who belong to a protected group cannot be segregated or physically isolated from either other employees or clients.

## Jurisdiction

This Court has jurisdiction over all causes of action set forth in this complaint pursuant to the laws resighted, as all Plaintiff and Defendant's reside  and operate in the District of Michigan. Furthermore, all significant and relevant matters in this incident giving rise to this complaint took place in Kalamazoo Michigan, County of Kalamazoo, within the jurisdiction of this Court.

## Burden of Proof

Plaintiff Courtney Thomas has been discriminated against by manager Deb on a consisted basis. Defendant Deb makes Plaintiff's work environment hostile with her confrontational behavior toward Plaintiff.

Plaintiff overheard Defendant Deb tell another worker," this guy thinks he's all that, and I don't like that."

Defendant Deb constantly weighs on Plaintiff with her discriminatory behavior, by always telling him what to do in her attempt to belittle and discourage Plaintiff because of his race, sex and religion. Deb knows Plaintiff knows his responsibilities at work, because Plaintiff has even trained others that was hired after him. After further investigation into Defendant Deb's behavior, Plaintiff found out Deb treated another black male in a similar type way, his name is James, sometimes called J.J. for short. He is a possible witness.

Plaintiff Courtney started taking notes of Deb's behavior;

1. On November 30, 2024 Deb assigned Plaintiff to drive thru window. At an earlier date Plaintiff told Deb he can't hear on the headphones. Defendant Deb even recited or reconfirmed she knew Plaintiff couldn't hear on the headset. Deb wanted to make things difficult for Plaintiff, because there was someone already working the drive thru window, making it difficult and uncomfortable for Plaintiff. (Potential witness is Cheyanna.)

2. On December 15, 2024 Plaintiff stepped to the side to checked his phone for the time approximately 1:09 p.m., Defendant Deb didn't hesitate to use the opportunity to chastise Plaintiff, by embarrassing him in front of everyone, by telling him to get off his phone in her most aggressive manner. Defendant Deb did this after she had a family reunion in the lobby ten minutes prior ,at  approximately 12:45 p.m., with her daughter, son and law and granddaughter, while on the phone and taking pictures. (Potential witnesses Maranda and girl with the pigtails in her hair.)

3. On Dec 9th , 2024 Approximately 1:12p.m. Deb told Plaintiff to place 24 biscuits on the tray, in her aggressive tone  and disregarded  the fact that Plaintiff told her the biscuits were wet and they expanded, so 24 wouldn't fit. Defendant used this opportunity to be aggressive and discriminatory towards me. Leaving me feeling like nothing I do is right in her eyes because of Plaintiff sex and religion.  (Potential witness is Cheyanne.)

4. On December 9th  2024 approximately 3;00pm Plaintiff asked to leave a quarter until four o'clock to catch the bus, Deb had Plaintiff  to mop the lobby and bathroom approximately 3:40 pm, in her attempt to wait to the last minute, in an attempt to have Plaintiff miss the bus. In Defendants attempt to be bias toward Plaintiff, and give Plaintiff the hardest time possible because of Plaintiff's sex and race. (Potential witness is Janet.)

5. On November 25, 2024 approximately 3:23 pm, Plaintiff entered the restroom, Deb began to beat on the bathroom door for Plaintiff to come out, because she suspected Plaintiff to be on the phone in the bathroom. Defendant wanted to discriminatory toward Plaintiff in Defendants any attempt to make Plaintiff feel like an outcast, because of Plaintiffs sex and religion. ( Potential witness Maranda and Rachel.)

6. On December 16-22, 2024 Defendant Deb did not assign Plaintiff a single day of work, on the work schedule, in her attempt to discourage Plaintiff, and not a single day of work scheduled from the 22th of December to the 28th of December, 2024.In Defendants attempt to make Plaintiff feel unwelcomed, and to make it clear to plaintiff, he is being discriminated against, because of his sex and race.

Defendant is willing to bully or discriminate against Plaintiff, because of his sex, race and region, in her total disregard to the law.

Cause of Action

1. Claim. Cause of action against the named Defendants for violation of Civil Rights Act Title VII, when Defendants willfully made unwelcoming comments to Plaintiff concerning his sex. Majied ALZID,Plaintiff, v. Blue Cross Blue Shield of Michigan, Defendant.

2. Claim. Cause of action against the named Defendants for violation of Title VII of the Civil Rights Act , when the Defendants made a hostile work environment for Plaintiff showing malicious conduct, because of this sex, race and religion. **Phillips v. Martin Marietta Corp.**

3. Claim. Cause of action against the named Defendants for violation of the Elliott-Larsen Civil Rights Act of 453 of 1976 when Defendants did make  work environment hostile for Plaintiff, in Defendants attempt to belittle and discourage Plaintiff with reckless indifference , because of his race, sex and religion. **Griggs v. Duke Power Co.**

4. Claim. Cause of action against the named Defendants for violation of Civil Rights Act of 1964, when Defendant showed discriminatory behavior on November 24, 2024 by beating on the restroom door with Plaintiff inside, in Defendants attempt to bias toward Plaintiff, because of his sex and race. **Johnson v. Transportation Agency, 480 U.S. 616 (1987)**

5. Claim. Cause of action against the named Defendants for violation of the Civil Rights Act of 1964 , when Defendant took Plaintiff off the work schedule for 2 weeks, in Defendants attempt to be discriminatory to Plaintiff because of Plaintiffs sex and religion. **Johnson v. Transportation Agency, 480 U.S. 616 (1987)**

6. Claim .Cause of action against the named Defendants for violation of the laws sited in this complaint, when Defendant made a hostile work environment for Plaintiff on December 9, 2024 by yelling and being aggressive because 24 biscuits would not fit on a tray. **Ferguson v Gies, 82 Mich 358 (1890).**

Damages and Relief

Plaintiff seeks relief in the amount of 30,000 USD for violation of Plaintiff rights pursuant to the Civil Rights Act of 1964 Title Vll when Defendants willfully and knowingly violated the rights of the Plaintiff's sited in this complaint. . **Ferguson v Gies, 82 Mich 358 (1890).**

Plaintiff seeks relief in the amount of 30,000 USD for violation of rights sited in this complaint and for producing a stressful work environment that caused Plaintiff stress and discomfort at work. *Burlington Industries, Inc. v Ellerth, 524 U.S. 742 (1998), and Faragher v City of Boca Ratan, 524 U.S. 775 (1998).*

Plaintiff request relief in the amount of 30,000 USD for violation of Civil Rights Act of 1964 Title Vll because Defendants showed malicious conduct and reckless indifference to Plaintiff. *Faragher v City of Boca Ratan, 524 U.S. 775 (1998)*

## Attachments

Attached to this complaint is a Notice of Right to sue from the Equal Employment Opportunity Commission, informing the Courts that a state agency has been notified of this complaint. The EEOC has been notified by the Plaintiff Courtney Thomas.

The Equal Employment Opportunity Commission opened a case on request of the Plaintiff, case number 471-2025-04656. The EEOC granted Plaintiff a receipt of 90 days to file a suit in Court from the date of July 10, 2026.

phone 269-666-0664